IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>65,419.00 in U.S. Currency,<br>    Defendant. | Case No. 1:15-cv-01336-JES-JEH |

### ORDER

The Plaintiff in this civil forfeiture proceeding, the United States of America, ("the Government") asks the Court to strike the Claimants', Citizen Financial, LLC (Citizen), Yahya Sarsour, and Samar Soufan, Verified Claims and Answers on file (D. 7, 8, 9, 10). [1] (D. 17 at pg. 4). The Government further requests that the Court enter default directly. *Id.* at pg. 6. For the reasons set forth below, the Court GRANTS the Government's Motion to Strike and Motion for Entry of Default.

### BACKGROUND

In August 2015, the Government filed this civil forfeiture suit against $65,419.00, which was seized in March 2015, from Sarsour during a traffic stop. (D. 1). The Government claims the currency is traceable to illegal drug activity. A Warrant in Rem was served upon the Defendant (D. 5), and the Claimants filed Verified Claims For Seized Property. (D. 7, 8). The Government published a Notice of Action and Seizure on the internet website, www.forfeiture.gov, last published September 20, 2015. (D. 11). The Claimants' filed Answers.

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

(D. 9, 10). According to the Government, no other potential claimants have filed Claims and Answers seeking to defend the Defendant. (D. 17 at pg. 2).

In October 2015, the Government propounded Special Interrogatories upon the Claimants, pursuant to Federal Rule of Civil Procedure Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. *Id.* The answers were due October 28, 2015. In December 2015, the Claimants provided the Government with "partial" answers and documents via email. *Id.* at pp. 2-3. The Government sent Supplemental Special Interrogatories to the Claimants in June with answers due on July 22, 2016. *Id.* at pg. 3. After an extension was granted by the Court, the Claimants provided answers in September 2016. *Id.* The Government found the supplemental answers incomplete as well, and filed a Motion to Compel (D. 16), which the Court subsequently granted, giving the Claimants until July 17, 2017 to produce responses to the requested discovery. (See the Court's June 15, 2017 text order). The Court further warned the Claimants that "[f]ailure to comply with this order may result in entry of default judgment." *Id.* The Government filed the instant Motion on July 31, 2017.

## ANALYSIS

Rule G governs statutory forfeiture actions in rem. Rule G(6)(a) permits the Government to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6)(b) requires that answers or objections to interrogatories be served within 21 days of their receipt. *See generally, U.S. v. All Funds on Deposit with R.J. O'Brien & Associates*, 783 F.3d 607, 618 (7th Cir. 2015).

Additionally, Rule G(8)(c)(i)(A) permits the Government to move to strike a claim or answer at any time before trial due to failure to comply with Rule G(6). *See U.S. v. $196,969.00 U.S. Currency*, 719 F.3d 644, 647 (7th Cir. 2013) (noting that the government can move to

dismiss a claim where the claimant is unresponsive to Rule G(6) interrogatories); *U.S. v. $4,290.00 in U.S. Currency*, No. 12-3141, 2014 WL 859561, at *4 (C.D. Ill. Mar. 5, 2014) (striking a claim for failing to adequately respond to Rule G special interrogatories and to comply with discovery orders and requests). The purpose of Rule G(6) special interrogatories "is to smoke out fraudulent claims—claims by persons who have no colorable claims." *U.S. v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013). The Advisory Committee Notes to Rule G(8) caution, however, that a court "should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects."

Despite the Court's text order, commanding that the Claimants respond to the Government's Special Interrogatories, they have failed to provide the missing answers. The Claimants' earlier participation in the proceedings, including providing partial answers to the first two sets of interrogatories, suggests that this failure does not stem from lack of awareness or capacity. Rather, the Claimants' silence appears to be a conscious decision. Therefore, the Claimants' non-compliance with Rule G procedure justifies STRIKING their Verified Claims (D. 7, 8) and Answers (D. 9, 10) pursuant to Rule G(8)(c)(i)(A). The Government's Motion to Strike is hereby GRANTED.

As for the Government's Motion for Entry of Default, the Court is fully advised and finds that: (1) the Defendant and all other potential claimants have been served or have waived service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure and Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims; (2) Notice of Action and Seizure has been published pursuant to an order of this Court (D. 6); and (3) no claims or answers are currently pending, and the time to file a claim or answer has expired.

Accordingly, the Government's Motion for Entry of Default is GRANTED. Default is entered against the Defendant and all other potential claimants.

## CONCLUSION

For the reasons stated above, the Government's Motion to Strike the Claimants' Verified Claims (D. 7, 8) and Answers (D. 9, 10) is GRANTED. Documents 7, 8, 9, and 10, are hereby STRIKEN. Additionally, the Government's Motion for Entry of Default is GRANTED.

*It is so ordered.*

Entered on September 6, 2017

  s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge